```
UNITED STATES DISTRICT COURT                    For Online Publication Only
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ELIZABETH P. KRAMER,

                    Plaintiff,
                                                 ORDER
           -against-                             21-CV-3295 (JMA) (ST)

JANET L. YELLEN, as Secretary of the
U.S. Department of the Treasury, Internal Revenue
Service Agency,

                    Defendant.
-----------------------------------------------------------X
```
**AZRACK, United States District Judge:**

Before the Court is the application filed by pro se plaintiff Elizabeth P. Kramer ("Plaintiff") for the appointment of pro bono counsel to represent her in this case. (ECF No. 8.) For the reasons that follow, the application is denied without prejudice and with leave to renew.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that

these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the complaint and finds that the appointment of counsel is not warranted at this stage of the litigation. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture, to conclude - - after considering the Hodge factors in the context of plaintiff's application and the complaint - - that the appointment of counsel is warranted. Notwithstanding the concerns raised in plaintiff's motion, she has demonstrated an ability to clearly set forth her claims in her complaint and to make applications to the Court. Further, she is availing herself of the free resources at the Hofstra Law School's Pro Se Legal Assistance Program. Thus, the Court concludes that plaintiff is able at this stage of the litigation to prosecute her case and that there is no special reason to appoint counsel.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application when this case is marked ready for trial, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring her own counsel to represent her in this matter.

## CONCLUSION

For the reasons set forth above, plaintiff's application for the appointment of pro bono counsel is denied without prejudice to plaintiff renewing the application when this case is marked ready for trial, if circumstances warrant such an application. This denial also is without prejudice

to plaintiff's hiring her own counsel to represent her in this matter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se plaintiff at her address of record.

**SO ORDERED.**

Dated: August 6, 2021 /s/ (JMA)
Central Islip, New York JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE