UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELIZABETH KRAMER,

                      Plaintiff,            **REPORT AND RECOMMENDATION**

   v.                                            21-cv-3295 (JMA) (ST)

JANET L. YELLEN, as Secretary of the
U.S. DEPARTMENT OF THE TREASURY
(INTERNAL REVENUE SERVICE, agency)

                      Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

      Before this Court is a motion by Defendants to partially dismiss Plaintiff's complaint alleging a violation of Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq* (the "Rehabilitation Act") for failure to state a claim. Plaintiff is an employee of the Internal Revenue Service ("IRS"). Her complaint arises out of a series of interactions with her direct supervisor and the chief of the Non-Competitive Action Center ("NCAC") occurring between 2015 and 2018. Plaintiff claims these interactions amounted to disparate treatment and retaliation under the Rehabilitation Act. Defendant denies these allegations. For the reasons below, I recommend Defendants' motion be GRANTED.

## BACKGROUND

      Plaintiff is an employee of the IRS where she has worked since July 10, 2010. Pl. Compl. ¶ 12, ECF No. 1. She was hired through a New York state program for individuals with disabilities. *Id*. Plaintiff has both mental and physical disabilities including bipolar disorder, vaso-vagal syncope disorder, chronic migraines and pain, and osteoarthritis, all of which limit her ability to engage in daily life activities. Pl. Compl. ¶ 10-11, ECF No. 1; Def. Br., 8, ECF No.

19. Plaintiff's supervisors at the IRS have been aware of her disabilities since at least the beginning of 2015. Pl. Compl. ¶ 17, ECF No. 1.

Plaintiff's claims center on the alleged actions of two individuals, Plaintiff's direct supervisor, Joseph Tarlentino ("Tarlentino") and Nadine Howell ("Howell"), the chief of the Non-Competitive Action Center, a division of the IRS in which the Plaintiff worked. *Id* ¶ 14, 17-18. From a period beginning sometime in 2015 and continuing up to this lawsuit, Plaintiff alleges that she has been subjected to "offensive and derogatory comments about her disabilities, as well as other verbal and non-verbal gestures" by both individuals. *Id* ¶ 18. Such comments include Tarlentino stating "you have issues," "you are not developed enough [to be promoted]," gestures to his head when making such comments, and comments about Plaintiff's bipolar disorder interfering with her ability to perform her job. *Id.* ¶ 21-22.

The impetus for this action stems from an Equal Employment Opportunity Commission ("EEOC") charge Plaintiff filed in 2018 alleging denial of promotion and retaliation.[1] Pl. EEOC Charge, 121-127, ECF No. 20-2; Def. Br., 8-9, ECF No. 19. Plaintiff interviewed for a Human Resource Specialist ("HRS") position in March of 2018. Pl. Compl. ¶ 28, ECF No. 1; Def. Br., 8, ECF No. 19. Plaintiff was notified that she was not selected for the position on or around April 25, 2018. Pl. Compl. ¶ 32, ECF No. 1; Def. Br., 8, ECF No. 19. Plaintiff claims the reason given for her non-selection was that she was "not developed enough," despite Plaintiff's assertions that she possessed all the necessary qualifications to be an HRS and had done details as an HRS. Pl. Compl. ¶ 32-33, ECF No. 1 (internal quotations omitted); Def. Br., 8, ECF No. 19. (noting

---

[1] Plaintiff would later go on to file a second EEOC complaint on July 31, 2019 alleging additional discriminatory conduct. Pl. 2d Compl. ¶ 38, ECF No. 1 (Case No. 22-cv-3862). Plaintiff then filed a second action in this Court after receiving her second right to sue letter from the EEOC. *Id* ¶ 7. That action was then consolidated with this action after the filing of this motion to dismiss. *See* Order Consolidating Case No. 21-cv-3295 and 22-cv-3862, ECF No. 24. As this motion does not address that second action, I make no recommendations as to its merit.

2

Plaintiff was deemed a "Best Qualified" candidate for the HRS position). Plaintiff filed an initial charge of discrimination with the EEOC on April 26, 2018. [2] Pl. Compl. ¶ 35, ECF No. 1.

Following her non-selection, Plaintiff alleges that Tarlentino stated she was "stupid for filing a complaint" and that she would not be promoted until he deemed her developed enough. *Id* ¶ 36. Tarlentino also allegedly stated he could lower the Plaintiff's evaluation at any time and that she had "issues" while again gesturing to his head. *Id*. ¶ 38. Additionally, Plaintiff claims Howell stated "how dare you state that I did not select you because you are disabled . . . . I did not promote you because you lied on your resume and are not trustworthy." *Id* ¶ 37. Plaintiff contests the truthfulness of Howell's statements. Pl. Opp. Br., 17, ECF No. 22.

Following failed mediation attempts, IRS management required that a third party be present in all meetings the Plaintiff attended, a requirement Plaintiff claims was not made for any other employee. Pl. Compl. ¶ 39, ECF No. 1.  Plaintiff ultimately filed a formal charge with the EEOC on August 1, 2018, and later amended her charge around October 2, 2018. Def. Br., 3, ECF No. 19; Pl. Opp. Br., 4, ECF No. 22. Also in August of 2018, Tarlentino informed Plaintiff that she was required to complete a Career Learning Plan ("CLP") as part of Plaintiff's participation in the Human Resource Enrichment Program. Pl. Compl. ¶ 42, ECF No. 1. While completing her CLP, Plaintiff had to be moved to another desk two buildings away from Tarlentino due to technical issues.  *Id*  ¶ 42. Tarlentino required Plaintiff to walk to his office to discuss issues with her CLP three times in one day before ultimately signing it. *Id* ¶ 43. Plaintiff requested that the meetings take place by phone due to Plaintiff's chronic pain flare up, but she

---

[2] Defendant notes that the EEO counseling memo created in response to Plaintiff's first contact with the EEOC is dated May 23, 2018. Def. Br., 8 n. 2, ECF No. 19. But Defendant does not contest the timeliness of Plaintiff seeking EEOC counseling for her denial of promotion claim. *Id.* At this stage, I accept all of Plaintiff's factual allegations as true and presume the Plaintiff made contact on April 26, 2018. *Giambrone v. Meritplan Ins. Co.*, 13-CV-7377 (MKB) (ST), 2017 WL 2303980 at *3 (E.D.N.Y. Feb. 28, 2017).

3

was denied. *Id* ¶ 43. Plaintiff was later informed that a co-worker was not required to have in-person meetings regarding her CLP and did not require a manager's signature. *Id*. ¶ 44.

Lastly, Plaintiff alleges that Tarlentino would select customer service tickets to elevate to Howell as evidence that Plaintiff was not sufficiently developed. *Id* ¶ 45. Howell referred Plaintiff to additional writing training with an HRS consultant but the training was cancelled after Plaintiff asserted the referral was made in retaliation. *Id* ¶ 47.

After review, an administrative judge granted Defendant's motion for summary judgment finding that Plaintiff had failed to show that her non-selection was discriminatory or that she had been retaliated against, which was affirmed on appeal by the EEOC. EEOC Order, Pl. Compl. 13-18, ECF No. 1. Plaintiff then filed this action. Pl. Compl. ¶ 5, ECF No. 1; Def. Br., 9, ECF No. 19. Defendants subsequently filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Def. Fed. R. Civ. P. 12(b)(6) Motion, ECF No. 18.

## LEGAL STANDARD

When assessing a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint states a legally cognizable claim by making allegations that, if proven, would show that the Plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). *Twombly* and *Iqbal* command that all elements of the Plaintiff's claim must be plausibly alleged in the complaint, such that the complaint contains more than "naked assertions," or allegations that amount to "sheer possibility," containing instead "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).

4

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

In assessing a motion to dismiss under Rule 12(b)(6), the Court "must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party." *Giambrone v. Meritplan Ins. Co.*, 13-CV-7377 (MKB) (ST), 2017 WL 2303980 at *3 (E.D.N.Y. Feb. 28, 2017) (internal quotation marks, citation omitted) (*adopted by Giambrone v. Meritplan Ins. Co.,* 13-CV-7377, 2017 WL 2303507 (E.D.N.Y. May 24, 2017)).

A defendant's claim of failure to exhaust administrative remedies is "properly raised in a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Ayala v. Metro One Sec. Sys., Inc.,* No. 11-CV-233, 2011 WL 1486559, 2011 U.S. Dist. LEXIS 42325 at *2-3 (E.D.N.Y. Apr. 19, 2011).

Under Second Circuit precedent, this Court applies the burden-shifting analysis of Title VII employment discrimination claims established in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973) to claims brought under the Rehabilitation Act. *Gentile v. Porter*, 509 F. Supp. 2d 221, 231-32 (E.D.N.Y. 2007) (citing *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48-49 (2d Cir. 2002)). "Under this analysis the plaintiff

> bears the initial burden of establishing a prima facie case under the [Rehabilitation] Act. The burden then shifts to the employer. If the employer asserts a neutral reason, unrelated to plaintiff's handicap, for its employment decision, then its burden is to articulate a legitimate non-discriminatory reason [for the employment decision]. The burden then shifts back to the plaintiff to show that the employer's stated reason is really a pretext for discrimination."

*Id* at 232 (quoting *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 722 (2d Cir. 1994) (internal citation and quotation omitted)).

When the Plaintiff is proceeding *pro se*, as here, her complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests."

*Hogan v. Fischer,* 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011)). That said, the Court "cannot invent factual allegations that [a *pro se* plaintiff] has not pled." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010). A *pro se* Plaintiff's factual allegations must still rise to the *Iqbal* and *Twombly* standard and, when accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## DISCUSSION

### I. Defendants' 12(b)(6) Motion Should Be Granted and Plaintiff Should Be Granted Leave to File an Amended Complaint.

Defendants argue that Plaintiff's complaint should be dismissed because she failed to exhaust her administrative remedies and, assuming proper exhaustion, she failed to state a plausible claim of discrimination under the Rehabilitation Act.[3] Taking each in turn, I recommend that the Court find that the Plaintiff failed to exhaust her administrative remedies as to her unequal terms and conditions of employment and harassment claims and that Plaintiff has failed to state a claim of retaliation.

#### a. Plaintiff's Failure to Exhaust Administrative Remedies.

Plaintiff's amended EEOC charge makes two claims; first, that she was denied a promotion to an HRS position due to her disability and second, that her employer retaliated against her for her EEOC charge by rating her lower on an evaluation than Plaintiff felt she deserved and by scrutinizing her CLP more closely than other employees. Pl. EEOC Charge 122,

---

[3] Defendant also alleges that much of Plaintiff's claims are time barred. Under 29 C.F.R. § 1614.105(a)(1), an aggrieved federal employee who believes "they have been discriminated against on the basis of … disability …must consult a[n] [EEO] Counselor prior to filing a complaint…within 45 days of the effective date of the action." However, the 45-day period operates differently in claims of discrete acts and hostile work environment claims. *Tassy v. Buttigieg*, 51 F.4th 521, 531 (2d Cir. 2022). In determining whether a Plaintiff has brought a discrete act or hostile work environment claim, courts look to the "substance of a charge, not its label." *Id* at 530 (quoting *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (internal quotations omitted)). Because it is not entirely clear from Plaintiff's complaint whether her claims sound in discrete acts or in a theory of hostile work environment, and because I recommend that Defendant's motion be granted on alternative grounds, I need not reach the issue of whether Plaintiff's claims are time barred.

124-27, 132-35, ECF No. 20-2. Defendant contends that because Plaintiff failed to raise her unequal terms and conditions of employment, harassment, and retaliation (other than retaliation relating to the scrutiny of her CLP) claims in her EEOC charge, Plaintiff has failed to exhaust her administrative remedies. Def. Br., 10-14, ECF No. 19.  Plaintiff argues that all her claims are reasonably related to the claims raised in her EEOC charge, and therefore should be included. Pl. Opp. Br., 9-10; ECF No. 22. For the reasons set forth below, I recommend the Court find that the Plaintiff failed to exhaust her harassment and unequal terms and conditions of employment claims but that her claim of retaliation is reasonably related to her EEOC charge.

When hearing claims arising under the Rehabilitation Act a district court only has jurisdiction over claims that are included in an EEOC charge. *Butts v. City of New York Dep't of Housing*, 990 F.2d 1397, 1401 (2d Cir. 1993) *superseded by statute on other grounds* Civil Rights Act of 1991, Pub. L. No. 102-166, 42 U.S.C. § 1981 *et seq*. This exhaustion requirement serves to "encourage settlement of disputes through conciliation and voluntary compliance," a purpose which would be defeated "if a complainant could litigate a claim not previously presented to and investigated by the EEOC." *Id* (quoting *Miller v. International Tel. & Tel.*, 755 F.2d 20, 26 (2d Cir. 1985).

There are three exceptions to this administrative exhaustion requirement, all of which entail claims that are "reasonably related" to the claims alleged in the EEOC charge. *Id* at 1402; *Kirkland v. Buffalo Bd. of Ed.*, 622 F.2d 1066, 1068 (2d. Cir 1980). The first type of reasonably related exception allows plaintiffs to include claims that would "fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Butts*, 900 F.2d at 1402 (quoting *Smith v. American President Lines, Ltd.*, 571

7

F.2d 102, 107 n. 10 (2d Cir.1978)). This exception is often compared to a loose pleading standard. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 83 (2d Cir. 2001)

The second exception includes claims alleging retaliation by an employer against an employee for filling the EEOC charge. *Id*; *Duplan v. City of New York*, 888 F.3d 612, 622 (2d Cir. 2018); *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208 (2d Cir. 1993). This exception applies to alleged retaliatory acts occurring while the EEOC charge is pending, even when no subsequent or amended EEOC charge is filed, and acts occurring after the EEOC charge has been resolved. *Duplan*, 888 F.3d at 622; *Butts*, *900* F.2d at 1402. Lastly, a claim may be reasonably related if it alleges "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts*, 900 F.2d at 1402-03.

Neither Plaintiff's harassment nor unequal terms and conditions of employment claims are reasonably related to her EEOC charge. Plaintiff's EEOC charge details three incidents; i.) when she was denied a promotion to an HRS position, ii.) when she was rated lower on an evaluation than she felt she deserved, and iii.) when she was made to revise and secure her supervisor's signature on her CLP. Pl. EEOC Charge 122, 124-27, 132-35, ECF No. 20-2. When determining whether additional claims are reasonably related under the loose pleading standard, the critical inquiry is whether the factual allegations made in the EEOC charge and complaint sufficiently overlap such that the employer was placed on notice that such claims may be raised. *See Mathirampuzha v. Potter*, 548 F.3d 70, 77 (2d Cir. 2008). Nowhere in her EEOC charge does the Plaintiff detail the string of interactions dating back to 2015 that make up her harassment and unequal terms and conditions of employment claims.[4] The Plaintiff's allegations

---

[4] It is unclear from the Plaintiff's complaint whether her supervisor's scrutinization of her CLP is intended to support her claim of unequal terms and conditions of employment. However, as detailed in Section I.b.i. below, that fact on its own cannot state a claim for discrimination on the basis of disability because it is not an adverse employment action.

8

that her supervisor repeatedly questioned her ability to perform her job due to her disability, made frequent gestures seeming to reference her disability, and other factual allegations appear only in her complaint. Pl. Compl. ¶ 18, 21-22, 39-40, ECF No. 1. As such, Defendant could not have been put on notice that Plaintiff's EEOC charge alleging only three discrete incidents could "blossom into an investigation covering allegations of unrelated misconduct . . . dating back several years." *Mathirampuzha v. Potter*, 548 F.3d at 77. I therefore recommend that the Court find that the Plaintiff's claims of unequal terms and conditions of employment and harassment were not appropriately exhausted.

Plaintiff's claim of relation, however, falls squarely within the reasonably related doctrine reserved for such claims. Defendant's exhaustion argument on retaliation is two-fold. First, Defendant argues that Plaintiff could have amended her EEOC complaint an additional time to include events occurring around November 6, 2018, and second, that this subsequent conduct should be analyzed under the loose pleading standard of the reasonably related doctrine. Def. Br. 12, EFC No. 19. Neither is persuasive.

On the first, the Second Circuit has made clear that "no separate or amended EEOC charge encompassing the subsequent retaliation" is required in order to preserve claims regarding alleged retaliation that occurs during the course of an EEOC investigation. *Duplan*, 888 F.3d at 622 (citing *Owens v. N.Y.C. Hous. Auth.*, 934 F.2d 505, 410-11 (2d Cir. 1991)). Otherwise, "requiring a plaintiff to file a second EEOC charge … could have the perverse result of promoting employer retaliation in order to . . . delay the filing of civil actions relating to the underlying acts of discrimination." *Id* at 622-23.

Second, Plaintiff's allegations involving conduct subsequent to her filing an EEOC charge can be read to allege retaliation and therefore fit under the retaliation conceptualization of

9

the reasonably related exception. As an initial matter, Plaintiff's factual allegations regarding her supervisor's critical comments occurring after Plaintiff filed her EEOC charge are plainly alleged in support of Plaintiff's claim for retaliation. Pl. Compl. ¶ 58, ECF No. 1. Additionally, interpreting *pro-se* Plaintiff's remaining post-EEOC charge allegations "to raise the strongest claims that [they] suggest[]" requires that the allegations be read to support Plaintiff's retaliation claim, as it is the only claim at issue in this motion to dismiss that was properly exhausted. *Hogan,* 738 F.3d at 515 (2d Cir. 2013). Therefore, I recommend that the Court find that the Plaintiff's retaliation claim is reasonably related to her EEOC charge, giving this Court jurisdiction to review it.

> **b. Plaintiff's Failure to State a Claim of Retaliation and Leave to File Amended Complaint.**

Defendant contends that even if Plaintiff's claims were properly exhausted, Plaintiff has failed to state a plausible claim for relief. Plaintiff denies this contention. After reviewing Plaintiff's remaining claim of retaliation, I recommend that Defendant's motion be granted as Plaintiff has failed to allege any materially adverse employment action required to state a claim for retaliation.

In order to state a *prima facie* claim of retaliation, "a plaintiff must adduce evidence sufficient to permit a rational trier of fact to find (1) that she engaged in protected activity under [the Rehabilitation Act], (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quoting *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006)) (alterations incorporated).

To show an employer took an adverse action "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse," meaning "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal citations and quotations omitted). This "materially adverse action" standard is focused on concrete retaliatory acts as "affirmative efforts to punish a complaining employee are at the heart of any retaliation claim." *Fincher.*, 604 F.3d at 721; *see also Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 69. The Rehabilitation Act does not set forth a general civility code for the American workplace" and so applies only to "material adversity" rather than "trivial harms." *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68-69 (internal citations and quotations omitted). Generally, a materially adverse act affects the "privileges and duties of employment" such as "termination, a demotion . . . , a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices. . . ." *Gentile*, 509 F. Supp. 2d at 239-40 (internal quotations omitted). Taking each of Plaintiff's alleged acts of retaliation in turn, none are materially adverse acts needed to state a claim of retaliation.

      i.    *Tarlentino's scrutiny of Plaintiff's CLP.*

Plaintiff's primary factual allegation underpinning her retaliation claim, that her supervisor subjected her CLP to greater scrutiny than other employees and required her to walk to meet him in person two buildings away multiple times in one day, ultimately fails to state a materially adverse act. While the close proximal connection between Plaintiff's filing of an EEOC charge on August 1, 2018 and Tarlentino's review of her CLP could reasonably lead to an inference of retaliatory intent, Plaintiff has not shown how these actions had a materially adverse impact on the "privileges and duties of [her] employment." *Gentile*, 509 F. Supp. 2d at 239; *see*

11

*also Cifra v. G.E. Co.*, 252 F.3d 205, 217 (2001) ("The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action."). Plaintiff suffered no change in her responsibilities, loss of benefits, or otherwise experienced any change to her employment as a result of her supervisor's conduct. *Gentile*, 509 F. Supp. 2d at 240. Instead, once the CLP met Tarlentino's expectations he signed the document allowing Plaintiff to submit it. Pl. Compl. ¶ 43, ECF No. 1. Therefore, Plaintiff's allegations regarding the scrutinization of her CLP are insufficient to state a claim for retaliation under the Rehabilitation Act.

        ii.     *Plaintiff's 2018 annual evaluation.*

Plaintiff alleges in her EEOC charge and opposition brief to this motion to dismiss, but not in her complaint, that she was given a lower annual rating than she deserved in her 2018 evaluation in retaliation for filing her EEOC charge. Pl. EEOC Charge 122, ECF No. 20-2; Pl. Opp. Br., 4, ECF No. 22. "A poor performance evaluation could very well deter a reasonable worker from complaining," and therefore could qualify as a material adverse action. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). However, Plaintiff has failed to allege facts demonstrating she was actually given a poor performance rating, only that she was rated lower than she felt she deserved. Pl. Opp. Br., 4, ECF No. 22. In fact, the administrative judge deciding Plaintiff's EEOC claim noted that Plaintiff had received a *higher* rating on her 2018 evaluation than either of her previous two annual evaluations. EEOC Order, Pl. Compl. 14, ECF No. 1. Furthermore, Plaintiff has failed to demonstrate how a higher rating, but a rating still less than what she believes she deserves, harmed her in any way such that it could be considered a materially adverse act.

        iii.     *Presence of a third party in meetings with Plaintiff.*

After an EEOC mediation meeting, IRS management then insisted a third party be present in meetings including Plaintiff, a requirement that Plaintiff claims no other employees were subject to. Pl. Compl. ¶ 39-40, ECF No. 1. Again here, Plaintiff does not allege any harm resulting from this requirement that would rise to the level of a materially adverse act. It appears from Plaintiff's complaint that a third party was merely present, an act that in no way impacted her "privileges [or] duties of employment." *Gentile*, 509 F. Supp. 2d at 239-40

      iv.      *Howell's referral of Plaintiff for additional writing training.*

Plaintiff alleges that Howell scrutinized the Plaintiff's emails to customers and in November of 2018 referred Plaintiff to a Senior HRS consultant for further writing training. Pl. Compl. ¶ 46-47, ECF No. 1. The training was cancelled once Plaintiff stated she believed the referral was retaliatory. *Id*. Even assuming that Howell was motivated by retaliatory intent, a single instance of additional training cannot be a materially adverse act. The rehabilitation act "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Fincher.*, 604 F.3d at 721; (quoting *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 67). While courts have routinely considered claims of failure to train as instances that could cause material harm because such claims in essence set up an employee to perform poorly, additional writing training could have only helped the Plaintiff improve her performance, regardless of whether she felt it was warranted. *See, e.g.*, *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (hearing hostile work environment claim based on failure to train); *Tassy v. Buttigieg*, 51 F.4th 521, 531 (2d Cir. 2022) (same). Furthermore, once Plaintiff protested, the training was immediately cancelled. Therefore, Plaintiff suffered no harm by Howell's referral.

      v.      *Tarlentino and Howell's statements regarding Plaintiff's EEOC charge.*

13

Turning lastly to Tarlentino and Howell's statements made after Plaintiff filed her EEOC charge: reading the Plaintiff's allegations in the light most favorable to her claim, these comments could reasonably give rise to an inference of retaliatory intent, specifically Plaintiff's allegation that Tarlentino stated "you are stupid for filing a complaint about Ms. Howell and me," and stated that he would not promote her until he deemed her "developed enough." Pl. Compl. ¶ 36, ECF No. 1. However, as discussed above, Plaintiff has not suffered any materially adverse act to tie this potential inference of intent to. Standing on their own "reprimands, threats of disciplinary action, and excessive scrutiny do not constitute adverse employment actions." *Gentile*, 509 F. Supp. 2d at 242 (quoting *Lucenti v. Potter*, 432 F. Supp. 2d 347, 364 (S.D.N.Y. 2006). As Plaintiff has failed to state a materially adverse action to support her claim of retaliation, I recommend her claim be dismissed.

      vi. *Leave for Plaintiff to file an amended complaint.*

Federal Rule of Civil Procedure 15 instructs the Court may freely give leave to amend a complaint when justice so requires. FRCP R. 15(a)(2). Given that the federal courts are Plaintiff's last means of asserting her complaints and that Plaintiff has yet to have an opportunity to have the totality of her two related complaints reviewed together, I believe justice so requires allowing her to amend her complaint such that it encompasses all allegations across both EEOC charges and complaints. Additionally, Plaintiff is proceeding *pro se*, and a pro se Plaintiff should be afforded leave to amend after dismissal "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000). Given that Plaintiff's second complaint is not the subject of Defendant's motion to dismiss, I cannot say with confidence at this point that under no circumstances might a valid claim be stated when the entirety of Plaintiff's allegations are considered together.

Therefore, I recommend the Court grant the Plaintiff 30 days to file an amended complaint.

## CONCLUSION

For the reasons given, I recommend that the Court GRANT Defendants' motion to dismiss. I further recommend that Plaintiff be granted leave to amend her complaint and be given 30 days to file an amended complaint.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                      /s/
                                               Steven L. Tiscione
                                               United States Magistrate Judge
                                               Eastern District of New York

Dated: Central Islip, New York
        December 23, 2022