UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   For Online Publication Only
ELIZABETH KRAMER,

                                                 Plaintiff,         **ORDER**
                                                                               21-CV-3295 (JMA) (ST)

        -against-

JANET L. YELLEN, as Secretary of the U.S.
DEPARTMENT OF THE TREASURY
(INTERNAL REVENUE SERVICE, agency),

                                               Defendant.
------------------------------------------------------------------------X

FILED
CLERK
12:47 pm, Feb 16, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

In her June 11, 2021 Complaint, Plaintiff pro se Elizabeth Kramer ("Kramer") alleges that her former employer, the Internal Revenue Service (the "IRS"), which is housed within the Department of the Treasury, and supervised by its Secretary, Defendant Janet L. Yellen ("Yellen"), violated her rights under Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et. seq. (the "Rehabilitation Act"). Kramer's Complaint arises out of a series of interactions with her direct supervisor and the chief of the Non-Competitive Action Center ("NCAC") that occurred between 2015 and 2018 and which, according to Kramer, amounted to disparate treatment and retaliation under the Rehabilitation Act. (Compl., ECF No. 1.) After Yellen moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), (ECF No. 18), the Court referred the motion to Magistrate Judge Steven Tiscione for a report and recommendation ("R&R"). (Electronic Order dated Oct. 20, 2022.)[1] Now before the Court are Yellen's objections to Magistrate Judge Tiscione's R&R, which recommends that the Court grant Yellen's motion to

---

[1] After this Court's referral of Yellen's instant motion to dismiss, Kramer initiated a second federal action against Yellen, alleging additional and related discriminatory conduct that was missing from her initial Complaint. (See Case No. 22-cv-3862.) That action was consolidated with this action after the instant motion to dismiss was filed, and was thus not before Magistrate Judge Tiscione during his analysis of the subject R&R. (See ECF No. 24.)

dismiss in its entirety but allow Kramer to amend the Complaint. (ECF Nos. 25, 26.) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Magistrate Judge Tiscione's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or…recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Tiscione's R&R to which there are no objections. Next, the Court turns to the portion of the R&R to which Yellen has objected. Specifically, Yellen objects to the R&R's recommendation that Kramer be permitted to file an amended complaint in this now consolidated matter and argues that such an amendment would be futile based on Magistrate Judge Tiscione's finding that Kramer "failed to exhaust her harassment and unequal terms and conditions of employment claims" because neither claim is "reasonably related to" the EEOC charge that is the basis of her first Complaint. (R&R at 8-9.)

After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Tiscione's recommendations, and therefore adopts the R&R in its entirety as the opinion of the Court.

Accordingly, Yellen's motion to dismiss is granted in its entirety, and Kramer is granted leave to amend her Complaint. Kramer's amended complaint shall include all the claims she

alleges in the consolidated action and shall be filed no later than March 20, 2023. Kramer's amended complaint shall serve as the operative pleading in this matter and shall be the pleading to which Defendant shall direct her answer or otherwise respond. The Court's decision to allow Kramer, a pro se plaintiff, to amend her complaint does not preclude Defendant from raising any arguments in a subsequent motion to dismiss.

**SO ORDERED.**

Dated: February 16, 2023
Central Islip, New York

                                                             /s/   (JMA)
                                                   JOAN M. AZRACK
                                                   UNITED STATES DISTRICT JUDGE